GLENS FALLS INS. CO. v. WALKER.
(No. 7842.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 31, 1914. On Rehearing, March 14, 1914.)

1. INSURANCE (§ 233*) — FIRE INSURANCE — WAIVER—MISTAKE.

Although a fire policy on mortgaged property provided for an extension of time for the benefit of the mortgagee in case of cancellation, the insurer's agent in good faith represented that the institution of foreclosure proceedings had avoided the policy according to a stipulation which he stated was in the policy, and in reliance upon that representation the mortgagee consented to a cancellation. *Held* that, the mistake being one of fact, the cancellation was ineffective.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 505; Dec. Dig. § 233.*]

2. INSURANCE (§ 228*) — FIRE POLICY — WAIVER.

Where a fire policy provided for an extension of time for the benefit of the mortgagee in case of cancellation, the mortgagee may waive that provision for his benefit.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 498, 499; Dec. Dig. § 228.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by Herbert G. Walker against the Glens Falls Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Crane & Crane, of Dallas, for appellant. Charles Kassell, of Ft. Worth, for appellee.

DUNKLIN, J. Herbert G. Walker recovered a judgment against the Glens Falls Insurance Company for the amount stipulated in a fire insurance policy issued by the company upon a house belonging to E. L. Day, and upon which Walker held a mortgage; the policy being payable to the mortgagee as his interest might appear. The company has appealed.

The only controverted issues submitted by the trial judge in his charge to the jury, and upon which a verdict was returned, were: First, whether or not the company delivered the policy to Walker; second, whether or not actual payment of the premium charged for the same was waived by the company; and, third, whether or not Walker agreed with the defendant before the fire that the policy should be canceled. The evidence was sufficient to sustain a finding in favor of Walker upon all of those issues except the one last mentioned. After a careful consideration of the record, we are of the opinion that the testimony of Walker himself shows conclusively that he consented to a cancellation of the policy before the fire which destroyed the building, and in pursuance of that agreement the policy was surrendered to the company.

[1, 2] Another issue, however, tendered in plaintiff's pleadings was that Walker's agreement to a cancellation of the policy was induced by a mutual mistake of himself and the agent of the company. It was alleged that, at the time the policy was issued, Walker had instituted foreclosure proceedings upon the mortgage given to him by Day; that, at the time Walker agreed to a cancellation of the policy, the company's agent represented to him that the pendency of the foreclosure proceedings at the time of the issuance of the policy did of itself render the policy void from the date of its issuance, and by reason of that representation Walker was induced to agree to a cancellation of the policy. It was further alleged that the representation so made by the company's agent was made in good faith, but in ignorance of the true conditions, namely, that the policy contained no such stipulation, and that Walker was likewise ignorant of that fact. We are of the opinion that, if this plea of mutual mistake be sustained by the evidence, it would render of no effect Walker's agreement to a cancellation of the policy, and that the case should be remanded for another trial upon that issue. The policy contained a provision that, unless otherwise provided by agreement indorsed thereon, it shall be void if, with the knowledge of the insured, foreclosure proceedings should be commenced or notice given of sale of any property covered by any mortgage. No such agreement was indorsed upon the policy. But the policy contained a further clause reading as follows: "This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this

policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right on like notice to cancel this agreement." The right given to Walker, by the stipulation last quoted, to require of the company ten days' notice before the cancellation of the policy could be waived by him, and that stipulation constituted no obstacle to the enforcement of the agreement made by Walker for the cancellation of the policy prior to the fire.

For the reasons indicated, the judgment is reversed, and the cause remanded.

### On Rehearing.

We attached no importance to the finding that the policy contained no indorsement of any agreement by the insurance company with E. L. Day, the owner of the property, waiving the provision contained in the policy that the same would be void if, with the knowledge of Day, foreclosure proceedings should be instituted upon the mortgage outstanding against the property. The stipulation in favor of Walker, the mortgagee, that he should have ten days' notice of any intention by the company to cancel the policy was expressly recognized. We have carefully examined appellant's answer and are of the opinion that, although general in its terms, it was sufficient, in the absence of any special exception, to present the issue that, prior to the fire, Walker agreed with the company that the policy should be canceled. In its motion for rehearing appellant earnestly insists that it is apparent from the pleading of Walker that the mutual mistake alleged by him as having induced him to agree to a cancellation of the policy prior to the fire was a mistake of law and not a mistake of fact, and hence did not present any valid defense to an enforcement of such agreement. Many authorities are cited to support this contention, which we think are inapplicable. The mistake so alleged did not consist of an erroneous legal construction of the terms of the policy, but consisted of an erroneous supposition that the policy contained certain stipulations, and hence was a mutual mistake of fact, which, like any other mutual mistake of material facts, would present a valid defense to the enforcement of the agreement.

In our original opinion the cause was remanded for a new trial generally, and the expression used in a preceding portion of the opinion that it should be remanded for a trial of the issue of mutual mistake was not intended as any limitation of that conclusion.

With these observations the motions of appellant and appellee for rehearing are overruled.